UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION TRUST FUND FOR OPERATING ENGINEERS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRACTOR EQUIPMENT SALES, et al., <br><br> Defendants. | Case No. 12-cv-01056-WHO <br><br> **ORDER DENYING MOTION FOR ATTORNEY'S FEES AND COSTS** <br><br> Re: Dkt. No. 81 |

## INTRODUCTION

Having prevailed in this action for withdrawal liability under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as amended by the Multiemployer Pension Plan Amendments Act ("MPAA"), 29 U.S.C. § 1381 *et seq.*, defendants Steven and Rena Van Tuyl (the "Van Tuyls") move for an award of attorney's fees and costs against plaintiffs Pension Trust Fund for Operating Engineers and its trustees (collectively, the "Fund"). To determine whether to exercise my discretion to award fees and costs in an ERISA matter, I must apply the factors set out in *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). Here, the underlying merits of the dispute raised a close question of law and the Fund did not act in bad faith in bringing the lawsuit; nor is it otherwise culpable. The Van Tuyls are not entitled to attorney's fees, and the motion is DENIED. Pursuant to Civil Local Rule 7-1(b), the hearing on the motion set for January 7, 2015 is VACATED.

## BACKGROUND

The following facts are drawn from the Court's November 7, 2014 Order on Cross Motions for Summary Judgment unless otherwise noted. The Fund is a multiemployer pension

plan as defined under 29 U.S.C. § 1002(37)(A). Tractor Equipment Sales, Inc. ("TES") participated in the Fund as a contributing employer until November 2010, when TES withdrew from the Fund, thereby triggering withdrawal liability under 29 U.S.C. § 1381. TES subsequently ceased operations and, in May 2012, declared bankruptcy.

The Van Tuyls owned a controlling interest in TES. In addition, they owned three residential properties which they leased to third parties. The Fund brought this action against TES and the Van Tuyls, alleging that because the Van Tuyls' property leasing constituted a "trade or business" under "common control" with TES, the Van Tuyls were personally liable for TES's withdrawal liability. This theory of liability is authorized by 29 U.S.C. § 1301(b), according to which withdrawal liability may be imposed against an entity other than the one obligated to contribute to the pension plan where: (1) the entity is under "common control" with the contributing entity; and (2) the entity is a "trade or business." *See* 29 U.S.C. § 1301(b)(1).

On November 7, 2014, I granted summary judgment for the Van Tuyls on the ground that their leasing activities did not constitute a trade or business within the meaning of section 1301(b). I also granted summary judgment for the Fund against TES, which conceded liability. The Van Tuyls filed this motion for attorney's fees on November 21, 2014. Dkt. No. 81.

**LEGAL STANDARD**

Where, as here, the defendant in a withdrawal liability action prevails against the plaintiff pension plan, it is within the court's discretion to award reasonable attorney's fees and costs to the defendant. *See* 29 U.S.C. §§ 1132(g)(1), 1451(e). In exercising its discretion, a court should consider the following factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell*, 634 F.2d at 453. No one of these factors is "necessarily decisive," and some may not be relevant in a given case. *Carpenters S. California Admin. Corp. v. Russell*, 726 F.2d 1410, 1416

1  (9th Cir. 1984). The factors "very frequently suggest that attorney's fees should not be charged
2  against ERISA plaintiffs." *Id.* at 1416-17.

## DISCUSSION

Two of the *Hummell* factors are particularly relevant to this motion and are sufficient to resolve it. First, with regard to the relative merits of the parties' positions, this was a close case. As I observed in the Order on Cross Motions for Summary Judgment, there is no clear authority in the Ninth Circuit for how to define "trade or business" under section 1301(b) in circumstances like those at issue here. Dkt. No. 79 at 13. In the absence of clear authority, the parties offered different approaches to determining whether the Van Tuyls' property leasing constituted a trade or business. The Fund's position was based on a plausible reading of relevant statutory language and Ninth Circuit precedent. Ultimately, I found that position to be unpersuasive. But this does not mean it was so lacking in merit as to now justify the imposition of attorney's fees. *See Cuyamaca Meats, Inc. v. San Diego & Imperial Counties Butchers' & Food Employers' Pension Trust Fund*, 827 F.2d 491, 500 (9th Cir. 1987) (where a case "raise[s] novel legal issues, the [plaintiff] cannot be expected to have known exactly the strength of the legal positions favoring its interests"); *Russell*, 726 F.2d at 1416 ("[I]n evaluating . . . the relative merits of the parties' positions, courts should be careful neither to penalize trustees for seeking to enforce employer obligations under ERISA nor to encourage employers to be indifferent to their obligations."). I find that the relative merits of the parties' positions weighs strongly against awarding attorney's fees to the Van Tuyls.

Second, there is no indication that the Fund is culpable or acted in bad faith. The Ninth Circuit has observed that the "culpability" of a losing plaintiff trustee differs from that of a losing defendant employer. *Russell*, 726 F.2d at 1416. "While the latter has necessarily violated ERISA, the former may only be in error or unable to prove his case." *Id.* Simply put, the Fund is not culpable merely because it did not prevail on its claims against the Van Tuyls. *See Resilient Floor Covering Pension Fund v. Michael's Floor Covering, Inc.*, No. 11-cv-05200-JSC, 2013 WL 275989, at *1 (N.D. Cal. Jan. 24, 2013) ("That this Court was ultimately unpersuaded does not mean plaintiffs acted with such culpability that they should be required to pay defendants' fees and costs."). As to bad faith, the Fund's claims were not frivolous. The record does not indicate

1   that they were brought to harass or for any other improper purpose.  Rather, as stated above, they
2   were based on a plausible reading of relevant authority.  That the claims were ultimately
3   unsuccessful does not equate to a showing of bad faith.  *See Bd. of Trustees of Mill Cabinet*
4   *Pension Trust Fund for N. California v. Valley Cabinet & Mfg. Co.*, 877 F.2d 769, 774-75 (9th
5   Cir. 1989 (pension plan did not act in bad faith despite losing on the merits); *Cuyamaca Meats,*
6   *Inc. v. San Diego & Imperial Counties Butchers' & Food Employers' Pension Trust Fund*, 827
7   F.2d 491, 500 (9th Cir. 1987) (same).  The Ninth Circuit has stated that to avoid a finding of bad
8   faith under the *Hummell* factors, a plaintiff must reasonably believe that he could prove an
9   actionable ERISA claim.  *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1236
10  (9th Cir. 2000).  That standard is satisfied here.

11  While the relative merits and culpability/bad faith factors are sufficient to resolve the Van
12  Tuyls' attorney's fees request, the other *Hummell* factors provide further support for denying the
13  motion.  The Fund has offered evidence showing that it has been certified as "in critical status"
14  since 2013.  Franklin Decl. ¶ 2-5 (Dkt. No. 82-1).  The Fund "is projected to have an accumulated
15  funding deficiency" in future years, and it has "adopted a rehabilitation plan under which it has
16  reduced benefits and increased contributions."  *Id.*  In *Resilient Floor Covering*, the court found
17  the pension plan's critical status raised concerns about the plan's ability to satisfy a fee award
18  "without undermining its finances and jeopardizing . . . vested pension benefits."  2013 WL
19  275989, at *2.  I find the same is true here.  The deterrence factor weighs against the Van Tuyls
20  because, as the Ninth Circuit has observed, fee awards are generally unnecessary to deter pension
21  plans from bringing baseless claims.  *See Russell*, 726 F.2d at 1416.  "Plaintiff trustees . . .
22  generally will be sufficiently deterred from instituting vexatious suits by the absence of personal
23  gain therefrom and the likelihood that they will have to pay their own fees and costs should they
24  not prevail."  *Id.*  Finally, the Van Tuyls do not contend that they sought to benefit all participants
25  and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA,
26  instead arguing that this factor is inapplicable to their motion.  *See* Mot. 6; Reply 4.
27  In short, although the Van Tuyls are prevailing parties, they are not entitled to attorney's
28  fees and costs under ERISA.

**CONCLUSION**

Accordingly, the motion for attorney's fees and costs is DENIED.[1]

**IT IS SO ORDERED.**

Dated: December 22, 2014



WILLIAM H. ORRICK
United States District Judge

---

[1] In addition to relying on federal law, the Van Tuyls request an award of costs (in the amount of $12.77) under California Code of Civil Procedure 1032(b). *See* Mot. 7. The Van Tuyls offer no explanation as to why this state procedural rule should apply to this federal question case, and I find that it does not. The request for costs under California Code of Civil Procedure 1032(b) is DENIED.